

Search for Cases by: Select Search Method...

Judicial Links    |    eFiling    |    Help    |    Contact Us    |    Print                    GrantedPublicAccess  Logoff BRANDYJOHNSON

**22AO-CC00016 - JOHNATHAN KREEGER ET AL V RICHARD L SLATER ET AL (E-CASE)**

FV  File Viewer | Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution

**Click here to eFile on Case**          Sort Date Entries: ⦿ Descending  ○ Ascending      Display Options: All Entries
Click here to Respond to Selected Documents

| | | |
|---|---|---|
| 01/18/2022 | ☐ | **Summ Issd- Circ Pers Serv O/S** |
| | | Document ID: 22-SMOS-14, for SLATER, RICHARD L. Summons issued to the Law Office of Aaron Sachs & Associates PC for service upon defendant. dja |
| | ☐ | **Summ Issd- Circ Pers Serv O/S** |
| | | Document ID: 22-SMOS-13, for ISD EXPRESS INC. Summons issued to the Law Office of Aaron Sachs & Associates PC for service upon defendant. dja |
| 01/17/2022 | ☐ | **Filing Info Sheet eFiling** |
| | | **Filed By:** BRANDON L HOWARD |
| | ☐ | **Pet Filed in Circuit Ct** |
| | | PETITION. |
| | | **Filed By:** BRANDON L HOWARD |
| | | **On Behalf Of:** JOHNATHAN KREEGER, JESSICA RAE KREEGER |
| | ☐ | **Judge Assigned** |

Case.net Version 5.14.49              Return to Top of Page                Released 01/21/2022



Case 3:22-cv-05013-MDH    Document 1-1    Filed 03/03/22    Page

## IN THE CIRCUIT COURT OF JASPER COUNTY, MISSOURI

| | |
|---|---|
| JOHNATHAN KREEGER, and <br> JESSICA KREEGER, <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD L. SLATER, <br>    Serve at: <br>    4760 N. Tonto Cir. <br>    Prescott Valley, AZ 86314-5216 <br><br> and <br><br> ISD EXPRESS INC <br>    Serve: Registered Agent <br>    Ion Salaru <br>    1540 Westbrook Plaza Drive <br>    Suite E <br>    Winston Salem, NC 27103 <br><br> Defendants. | Case No. <br><br> JURY TRIAL DEMANDED |

## PETITION FOR DAMAGES

**COME NOW** Plaintiffs, Johnathan Kreeger and Jessica Kreeger, by and through their attorneys of record, Aaron Sachs & Associates, P.C., and for their cause of action against Defendant Richard L. Slater ("Defendant Slater") and his employer ISD Express Inc., state as follows:

## GENERAL ALLEGATIONS

1. At all times relevant herein, Plaintiffs were residents of Jasper County, Missouri.

2. At all times relevant herein, on information and belief, Defendant Richard Slater (hereinafter "Defendant Slater") was a resident of Yavapai County, State of Arizona.

3. At all times relevant herein, Defendant ISD Express Inc. was a licensed business in the State of North Carolina and was conducting business at the time of the collision within Jasper

1

County in the State of Missouri. As such, Defendant ISD Express Inc. is capable of suing and being sued in the Circuit Courts of Jasper County, Missouri.

4. That all events described herein, and which gave rise to Plaintiffs' cause of action, occurred in Jasper County, Missouri.

5. That this Court has jurisdiction over this cause of action because the injuries arise from tortious conduct committed in Jasper County, Missouri, and because the damages are in excess of $75,000.00.

6. At all times relevant herein, the portions of Missouri Interstate 44 where this incident occurred was a public highway, street, or thoroughfare, located in Jasper County, Missouri.

7. On or about June 25, 2019, at approximately 10:20 p.m., Plaintiff Jonathan Kreeger was lawfully operating a 2002 Chevrolet Suburban traveling East on Missouri Interstate 44 in Jasper County, Missouri.

8. On information and belief, at the above-referenced date and time, Defendant Slater was operating a 2012 International Great Dane with a trailer greater than 26,000 pounds owned by Defendant ISD Express Inc. while traveling East on Missouri Interstate 44, in Jasper County, Missouri.

9. Defendants Slater and ISD Express Inc., and their agents, servants, and employees, at all relevant times set forth herein, were subject to the rules and regulations contained and set forth in Title 49, Code of Federal Regulations, including but not limited to the sections thereof set forth herein.

10. At all times herein mentioned, Defendant ISD Express Inc. was acting individually and through its agents, servants, and/or employees, including Defendant Slater.

11.     At all times herein, Defendant Slater was hired by Defendant ISD Express Inc. to drive a commercial motor vehicle and was directed by Defendant ISD Express Inc. to transport various loads.

12.     At all times herein mentioned, and at the time of this incident, Defendant ISD Express Inc. individually, and/or through its agents, servants, and/or employees, owned, leased, controlled, and/or operated the vehicle operated by Defendant Slater that caused this incident.

## COUNT I – NEGLIGENCE OF DEFENDANT RICHARD L. SLATER

**COMES NOW** Plaintiff Johnathan Kreeger and for his cause of action in *Count I – Negligence of Defendant Richard L. Slater*, states as follows:

13.     Plaintiffs hereby incorporate by reference each and every allegation set forth in the *General Allegations* above as though said paragraphs were set forth herein.

14.     At the above-referenced date and time, Defendant Slater negligently operated his vehicle by improperly changing lanes, and improperly using his turn signal thereby resulting in injuries to Plaintiff Jonathan Kreeger as hereinafter alleged.

15.     At the time of the collision, Defendant Slater was negligent in one or more of the following respects:

   a.   He failed to keep a careful lookout for other motor vehicles at that time and place, including the operated by Plaintiff;

   b.   He failed to maintain control of his vehicle;

   c.   He failed to keep a proper lookout;

   d.   He failed to devote adequate attention to the roadway and the presence of other vehicles such as the vehicle in which Plaintiff was operating;

   e.   He failed to use proper signal when switching lanes;

f.  He failed to yield to Plaintiff's vehicle before attempting to switch lanes;

f.  He failed to use the highest degree of care whereby Defendant could have known that there was a reasonable likelihood of collision in time thereafter to have stopped, or swerved, or slackened speed, or sounded a warning, or slackened speed and swerved, or slackened speed and sounded a warning, or swerved and sounded a warning with respect to Plaintiff and the vehicle in which Plaintiff was a operating, but Defendant Slater failed to do so; and

g.  He allowed his vehicle to collide with Plaintiff's vehicle.

16. As a direct and proximate result of the negligence of Defendant Slater, Plaintiff Johnathan Kreeger sustained permanent and progressive injuries, including injuries to his left arm and right knee.

17. As a result of said injuries, Plaintiff Johnathan Kreeger has been caused severe pain, suffering, and anguish,

18. As a result of said injuries, Plaintiff Johnathan Kreeger has incurred, and in the future may incur, significant medical expenses, the exact amount of which is not yet known.

19. As a result of said injuries, Plaintiff Johnathan Kreeger has incurred, and in the future may incur, lost wages, lost income, lost profits, and loss of earning capacity.

**WHEREFORE,** Plaintiff Kreeger prays for judgment against Defendant Slater in *Count I – Negligence of Defendant Richard L. Slater*, for such damages as are fair and reasonable, for his costs herein incurred, and for other and further relief to which the law may entitle him, and to which to court deems just and proper.

**COUNT II- NEGLIGENCE *PER SE* OF DEFENDANT RICHARD SLATER**

4

Electronically Filed - Jasper County - Joplin - January 17, 2022 - 08:07 AM

**COMES NOW** Plaintiff Johnathan Kreeger, and for his cause of action in *Count II-Negligence Per Se of Defendant Slater,* states as follows:

20. Plaintiffs hereby incorporate by reference each and every allegation set forth in the *General Allegations* and *Count I* of this *Petition for Damages* as if herein stated verbatim.

21. At the time of the collision, Defendant Slater was negligent *per se* in violation of one or more of the following laws that were intended and designed to prevent the type of harm suffered by Plaintiff Johnathan Kreeger:

  a. Failure to operate the vehicle in a careful and prudent manner in violation of § 304.012, RSMo;

  b. Failure to comply with the rules of the road in violation of § 304.010, RSMo *et seq*;

  c. Failure to use the highest degree of care when operating a motor vehicle in violation of § 304.012, RSMo;

  e. The Ordinances of The City of Joplin, Missouri, Chapter 114, and any other portion of such Ordinances to the extent they apply to the facts giving rise to this lawsuit; and

  f. Any such other ordinances, statutes, regulations or laws that may be discovered during the discovery phase of this case.

22. To the extent that Defendant Slater has been convicted of a traffic violation, statute, infraction, misdemeanor, or the like, arising from this accident, Plaintiff Johnathan Kreeger hereby pleads the doctrine of collateral estoppel and reserve the right to rely on any such conviction as a basis for offensive collateral estoppel on the issues of liability and/or causation and/or damages.

23. As a direct and proximate result of the negligence *per se* of Defendant Slater, Plaintiff Johnathan Kreeger sustained injuries to his left arm and right knee.

24. That as a result of said injuries, Plaintiff Johnathan Kreeger has been caused severe pain, suffering and anguish.

25. That as a result of said injuries, Plaintiff Johnathan has incurred, and in the future may incur, significant medical expenses, the exact amount of which is not yet known.

26. That as a result of said injuries, Plaintiff Johnathan Kreeger has incurred, and in the future may incur, lost wages, lost income, lost profits, and loss of earning capacity.

WHEREFORE, Plaintiffs pray for judgment against Defendant Slater in *Count II- Negligence Per Se of Defendant Richard Slater*, for such damages as are fair and reasonable, for his costs herein incurred, and for other and further relief as is just and proper.

## COUNT III- NEGLIGENCE OF DEFENDANT ISD EXPRESS INC.

COMES NOW Plaintiff Johnathan Kreeger, and for his cause of action in *Count III - Negligence of Defendant ISD EXPRESS INC.,* states as follows:

27. Plaintiffs incorporate by reference each and every allegation contained in the *General Allegations, Count I* and *Count II* of this *Petition for Damages* as if herein stated verbatim.

28. Defendant Slater was an employee, agent, servant, and/or lessor, or under the control of Defendant ISD Express Inc., at the time of this incident.

29. At the time of this incident, Defendant Slater was acting within the scope and course of his employment, or agency, or capacity as an employee, agent, servant, and/or lessor with Defendant ISD Express Inc.

30. Defendant ISD Express Inc. is vicariously liable for the negligent conduct of its

6

Case 3:22-cv-05013-MDH   Document 1-1   Filed 03/03/22   Page 7 of 14

agent/servant/employee Defendant Slater via *respondent superior*.

31. In the alternative, should Defendant ISD Express Inc. deny Defendant Slater was in the course and scope of his employment with Defendant ISD Express Inc. at the time of the accident, Defendant ISD Express Inc. is directly negligent in one or more of the following respects:

    a. Hiring Defendant Slater;

    b. Retaining Defendant Slater;

    c. Training Defendant Slater;

    d. Supervising Defendant Slater;

    e. Entrusting Defendant Slater with the operation of motor vehicles on or around the time of the accident giving rise to this suit;

    f. Failing to have policies and procedures in effect to govern the conduct of Defendant ISD Express Inc.'s drivers to prevent negligent conduct such as that committed by Defendant Slater;

    g. Failing to ensure that Defendant ISD Express Inc.'s drivers, such as Defendant Slater, complied with its policies and procedures to prevent negligent conduct such as that committed by Defendant Slater giving rise to this case.

32. As a result of the direct and vicarious negligence of Defendant ISD Express Inc. directly through its employee, agent, servant and/or lessor, Defendant Slater, Plaintiff Johnathan Kreeger sustained injuries to his left arm and right knee.

33. As a result of said injuries, Plaintiff Johnathan Kreeger has been caused severe pain, suffering, and anguish.

34. As a result of said injuries, Plaintiff Johnathan Kreeger has incurred, and in the future may incur, significant medical expenses, the exact amount of which is not yet known.

35. As a result of said injuries, Plaintiff Johnathan Kreeger has incurred, and in the future may incur, lost wages, lost income, lost profits, and loss of earning capacity.

WHEREFORE, Plaintiffs pray for judgment against Defendant ISD Express Inc. in *Negligence of Defendant ISD Express Inc.*, for such damages as are fair and reasonable, for his costs herein incurred, and for other and further relief as is just and proper.

## COUNT IV – CONSORTIUM CLAIM OF JESSICA KREEGER

**COMES NOW** Plaintiffs Johnathan Kreeger and Jessica Kreeger, and for their cause of action for loss of consortium against Defendants, state as follows:

36. Plaintiffs incorporate by reference each and every allegation contained in the General Allegations, Count I, Count II, and Count III above, as though said paragraphs were set forth herein.

37. At all times mentioned herein, Plaintiffs Johnathan Kreeger and Jessica Kreeger were husband and wife.

38. As a direct and proximate result of one or more of the injuries sustained by Plaintiff Johnathan Kreeger as a result of the negligence of Defendants Slater and ISD Express, Inc., Plaintiff Jessica Kreeger sustained loss of consortium damages which include, but are not limited to, her husband's medical expenses, loss of services, consortium, society, comfort, counsel and support of Plaintiff Johnathan Kreeger.

**WHEREFORE**, Plaintiffs Johnathan Kreeger and Jessica Kreeger pray for judgment against Defendants Slater and ISD Express, Inc., for such damages as are fair and reasonable, for their costs herein incurred, and for such other relief to which the law may entitle them and to which

to court deems just and proper.

AARON SACHS & ASSOCIATES, P.C.

_[signature]_

BRANDON L. HOWARD     #61887
3271 East Battlefield Road, Suite 350
Springfield, MO 65804
Ph. (417) 889-1400 Fax (417) 889-5359
brandon@autoinjury.com
Attorney for Plaintiffs

# IN THE 29TH JUDICIAL CIRCUIT, JASPER COUNTY, MISSOURI

| Judge or Division:<br>DAVID BOYCE MOUTON | Case Number: 22AO-CC00016 | |
|---|---|---|
| Plaintiff/Petitioner:<br>JOHNATHAN KREEGER ET AL<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>BRANDON L HOWARD<br>3271 EAST BATTLEFIELD, SUITE 350<br>SPRINGFIELD, MO 65804 | *FILED*<br>*Melissa Holcomb - Clerk*<br>*1/18/2022*<br>*JASPER COUNTY CIRCUIT COURT*<br>*JOPLIN, MISSOURI* |
| Defendant/Respondent:<br>RICHARD L SLATER ET AL | Court Address:<br>601 S. Pearl<br>JOPLIN, MO 64801 | |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
**(Except Attachment Action)**

**The State of Missouri to:** ISD EXPRESS INC

**REG AGT: ION SALARU**
**1540 WESTBROOK PLAZA DR, STE E**
**WINSTON SALEM, NC 27103**

*COURT SEAL OF*

*JASPER COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

Melissa Holcomb – Circuit Clerk

18-JAN-2022          /S/Dana J. Attwood, D.C.
_____      _____
Date                             Deputy Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above Summons by: (check one)
   - ☐ delivering a copy of the summons and petition to the defendant/respondent.
   - ☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
   - ☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
   - ☐ other: _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one)
- ☐ the clerk of the court of which affiant is an officer.
- ☐ the judge of the court of which affiant is an officer.
- ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- ☐ authorized to administer oaths. (use for court-appointed server)

(Seal)

_____
Signature and Title

**Service Fees**
Summons    $ _____
Non Est      $ _____
Mileage      $ _____ ( _____ miles @ $ _____ per mile)
**Total**        $ _____

See the following page for directions to officer making return on service of summons.

SJRC (07-21) SM60 (SMOS) *For Court Use Only:* Document ID# 22-SMOS-13  1 of 2  (22AO-CC00016)  1  SCR 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 3:22-cv-05013-MDH   Document 1-1   Filed 03/03/22   Page 11 of 14

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

SJRC (07-21) SM60 (SMOS) *For Court Use Only* **Document ID# 22-SMOS-13**  2 of 2  **(22AO-CC00016)**  SCR 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 3:22-cv-05013-MDH  Document 1-1  Filed 03/03/22  Page 12 of 14



# IN THE 29TH JUDICIAL CIRCUIT, JASPER COUNTY, MISSOURI

| Judge or Division:<br>DAVID BOYCE MOUTON | Case Number: 22AO-CC00016 | |
|---|---|---|
| Plaintiff/Petitioner:<br>JOHNATHAN KREEGER ET AL<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>BRANDON L HOWARD<br>3271 EAST BATTLEFIELD, SUITE 350<br>SPRINGFIELD, MO 65804 | *FILED*<br>*Melissa Holcomb - Clerk*<br>*1/18/2022*<br>*JASPER COUNTY CIRCUIT COURT*<br>*JOPLIN, MISSOURI* |
| Defendant/Respondent:<br>RICHARD L SLATER ET AL | Court Address:<br>601 S. Pearl<br>JOPLIN, MO 64801 | |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

**The State of Missouri to:** RICHARD L SLATER

**4760 NORTH TONTO CIRCLE**
**PRESCOTT VALLEY, AZ 27103**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*JASPER COUNTY*

Melissa Holcomb – Circuit Clerk

_____18-JAN-2022_____ _____/S/Dana J. Attwood, D.C._____
　　　　　　　Date　　　　　　　　　　　　　　　　　　　　　　Deputy Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above Summons by: (check one)
   ☐ delivering a copy of the summons and petition to the defendant/respondent.
   ☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
   ☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)
in _____County, _____ (state), on _____ (date) at _____ (time).

_____　　_____
　　Printed Name of Sheriff or Server　　　　　　　　　　　　Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
　　　　　　　　☐ the judge of the court of which affiant is an officer.
　　　　　　　　☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
　　　　　　　　☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
　　　　　　　Signature and Title

**Service Fees**
Summons　　$_____
Non Est　　$_____
Mileage　　$_____ (_____miles @ $ _____ per mile)
**Total**　　　$_____

**See the following page for directions to officer making return on service of summons.**

SJRC (07-21) SM60 (SMOS) *For Court Use Only:* Document ID# 22-SMOS-14　　1 of 2　　(22AO-CC00016)　　SCR 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 3:22-cv-05013-MDH　Document 1-1　Filed 03/03/22　Page 13 of 14

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

SJRC (07-21) SM60 (SMOS) *For Court Use Only* **Document ID# 22-SMOS-14**    2 of 2   **(22AO-CC00016)**           SCR 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 3:22-cv-05013-MDH  Document 1-1   Filed 03/03/22  Page 14 of 14